# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Patrick Randell McIntosh,<br><br>      Petitioner,<br>  v.<br><br>President Trident Technical College<br><br>      Respondent. | Case No. 9:23-03970-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 8) recommending that Petitioner's petition for writ of habeas corpus be dismissed. For the reasons set forth below, the Court adopts the R & R and dismisses the petition.

## I. Background

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). Petitioner named the President of Trident Technical College as Respondent. (*Id.* at 2). Petitioner claims that he talked with Respondent "and told her about his rights being violated and how [he has] a right to go to college and do art project on mental defect." (*Id.*) He claims that Respondent failed to answer him. *Id.*

The Petitioner lists the following grounds for relief: (1) "Petitioner was not apprised of reason for expulsion and was intimidated by Dr. Elise Davis McFarland and Officer Lawrence Salvidge for asking"; (2) "Petitioner was compared to Jared Loughner and Petitioner's Myspace page and previous arrests were used as testimony and evidence by Lawrence Salvidge"; (3) "Sherri A. Brown wore a Virginia Tech lanyard and talked about mass violence claiming petitioner's art project was racist and in violation of policy"; and (4) "Petitioner asserted his right to remain silent, but was badgered by hearing officer."

1

The Magistrate Judge issued an order outlining deficiencies in the Petition and providing Petitioner 21 days to bring his case into proper form. (Dkt. No. 5). Petitioner did not respond to that order. The Magistrate Judge then recommended dismissing the Petition without prejudice and without requiring respondent to respond. (Dkt. No. 8). Petitioner did not file any objections to the Magistrate Judge's recommendation. The matter is now ripe for the Court's review.

## II. Legal Standard

### A. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically object. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S. C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Petitioner did not file objections in this case, and the R & R is reviewed for clear error.

I. Discussion

After reviewing the record in this case and the applicable law, the Court finds that the Magistrate Judge ably addressed the issues raised by the Petition and correctly concluded that the Petition should be dismissed without prejudice and without requiring respondent to respond. Specifically, the Magistrate Judge correctly concluded that the action should be dismissed for lack of jurisdiction because the District of South Carolina is not the district of Petitioner's confinement. (Dkt. No. 8 at 4). The Magistrate Judge also correctly concluded that the Petition should be summarily dismissed for lack of jurisdiction because Petitioner is not in custody as defined by § 2241. (*Id.* at 5). Additionally, the Magistrate Judge correctly found that Petitioner's claim would be time barred if the Court were to construe the Petition as a § 1983 claim. (*Id.* at 6).

Further, the Petition should be dismissed for failure to prosecute. The Magistrate Judge issued an order providing Petitioner the Petitioner with 21 days to bring the case into proper form. Petitioner failed to respond or remedy the pleading deficiencies identified in the Magistrate Judge's order. Petitioner also failed to respond or object to the Magistrate Judge's R & R. Petitioner's lack of response indicates an intent not to prosecute this case and the Petition is therefore subject to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court; *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning).

II. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. NO. 8) is **ADOPTED** as the **ORDER** of the Court, and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

### III. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to comply with the Court's orders. Therefore, a certificate of appealability is **DENIED**.

    s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 19, 2024
Charleston, South Carolina